ORIGINAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 12-1984 AG (RNBx) | Date | November 15, 2012 |
| Title | U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE ON BEHALF OF THE LXS 2007-4N TRUST FUND v. JACOB A. ZEPEDA | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |

**Proceedings:**   **[IN CHAMBERS] ORDER REMANDING CASE**

Plaintiff U.S. Bank National Association as trustee on behalf of the LXS 2007-4N Trust Fund ("Plaintiff") filed this simple unlawful detainer case in state court. Defendant Jacob A. Zepeda ("Defendant") then filed a Notice of Removal, which removed this case from state to federal court. For the reasons that follow, the Court REMANDS the case to state court.

After reviewing Defendant's Notice of Removal and the attached state court complaint, the Court finds that Defendant has not met his burden of establishing federal jurisdiction. *See Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006) (holding that removing defendants have "always borne the burden of establishing federal jurisdiction"). Defendant argues the Court has diversity jurisdiction, but inconsistencies in Defendant's Notice of Removal prevent Defendant from properly alleging the citizenship of every party. *See* 28 U.S.C. § 1332. For example, the Notice of Removal alleges the citizenship of Defendant Timothy Hirou, but the caption of the Notice of Removal lists Jacob A. Zepeda as the only defendant. Zepeda's citizenship is not alleged in the Notice of Removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-1984 AG (RNBx) | Date | November 15, 2012 |
| Title | U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE ON BEHALF OF THE LXS 2007-4N TRUST FUND v. JACOB A. ZEPEDA | | |

The Court is also not convinced that Defendant has properly alleged that the amount in controversy exceeds the $75,000 statutory minimum. *See* 28 U.S.C. § 1332. Defendant argues that more than $75,000 is in controversy because Defendant's home is valued at $3.75 million. But the state complaint concerns possession, not ownership, of the property. The Court is also concerned by the lateness of this removal, considering that the state complaint was filed on January 21, 2010, over two years ago.

Further, in unlawful detainer actions, "[s]peedy adjudication is desirable to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases harms the concerns stated in *Lindsey*. Defendant is cautioned not to improperly seek federal jurisdiction, particularly for delay.

In sum, Defendant fails to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

:   0

Initials of Preparer     lmb